**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOHN FINCH,**

                            **Plaintiff,**

            **v.**                                                            **No. 06-CV-1448**
                                                                              **(TJM/DRH)**

**SERVELLO, Correction Officer, Oneida**
**County Jail; and McLEAR, Correction**
**Officer, Oneida County Jail,**

                            **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


## DECISION & ORDER

## I.  INTRODUCTION

        This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred to the Hon.

David R. Homer, United States Magistrate Judge, for a Report and Recommendation

pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  In a Report-Recommendation and

Order dated September 9, 2008, Magistrate Judge Homer recommended that Defendants'

motion for summary judgment be denied. Defendants have filed objections to the

recommendation.

## II.    STANDARD OF REVIEW

        When objections to a magistrate judge's Report-Recommendation are lodged, the

Court makes a "*de novo* determination of those portions of the report or specified

proposed findings or recommendations to which objection is made."  <u>See</u> 28 U.S.C. §

1

636(b)(1)(C).   After such a review,  the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."  Id.

## III.   DISCUSSION

Plaintiff commenced this action *pro se* pursuant to 42 U.S.C. § 1983 alleging that Defendants, two Oneida County Jail corrections officers, violated his constitutional rights under the Eighth Amendment by employing excessive force upon him. See Compl., dkt. # 1.  After reviewing Defendants' motion for summary judgment, Magistrate Judge Homer recommended that the motion be denied because, he concluded, material questions of fact exist as to whether: (1) special circumstances existed to excuse Plaintiff's failure to file an inmate grievance prior to bringing suit and thus satisfy his obligation under 42 U.S.C. § 1997e(a);  (2) Defendants employed excessive force on Plaintiff on the date in question; and (3) Defendants are entitled to qualified immunity. See 9/9/08 Rep. Rec. & Ord. Defendants have objected to each of these conclusions and ask the Court to reject the recommendation and grant their motion.

As to the second and third conclusions, a *de novo* review of the record reveals that material questions of fact do exist as to what occurred on the date in question.  Thus, material questions of fact exist as to whether Defendants employed constitutionally offensive force against Plaintiff and whether, under the circumstances, Defendants are entitled to qualified immunity. See Mills v. Fenger, 216 Fed. Appx. 7, 2006 WL 3793374,

2

at *8-*9 (2d Cir. 2006)(unpublished decision).[1]  Accordingly, the Court adopts the

recommendation as to these two issues.

The first issue, exhaustion of administrative remedies, is a closer call.  The lawsuit

concerns Defendants' actions toward Plaintiff while at the Oneida County Courthouse on

October 27, 2006.  See Compl. dkt. # 1.  Essentially, Finch asserts that Defendants

employed excessive force upon him in the courthouse elevator on this date after he was

sentenced by the County Court. Id.  In support of their summary judgment motion on this

issue, Defendants have submitted a Local Rule 7.1(a)(3) Statement of Material Facts.

See dkt. # 16-2.   At ¶ 24 of their Local Rule 7.1(a)(3) Statement, Defendants assert that

"[n]o grievance was filed by John Finch with regard to his complaint against Officer

Servello or his complaint against Officer McLear." Id. ¶ 24. The contention is supported by

the affidavit of Helen Heim, Grievance Officer of the Oneida County Jail. Dkt. # 16-7.

Plaintiff did not file a responding Local Rule 7.1(a)(3) Statement of Material Facts

---

[1]In Mills, the Second Circuit wrote:

The officers claim that even if the force used was excessive, they are nonetheless entitled to
qualified immunity because they did not violate any "clearly established" right, [Saucier v.
Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).]  "The right of an individual
not to be subjected to excessive force has long been clearly established." Calamia v. New
York, 879 F.2d 1025, 1036 (2d Cir.1989). Because whether force is excessive turns on its
reasonableness, we have held that "[s]ummary judgment on qualified immunity grounds is
not appropriate when there are facts in dispute that are material to a determination of
reasonableness." Thomas v. Roach, 165 F.3d 137, 143 (2d Cir. 1999); see also Kerman v.
City of New York, 261 F.3d 229, 239 (2d Cir. 2001) (reversing grant of judgment as a matter
of law on excessive force claim because "the contrasting accounts ... present factual issues
as to the degree of force actually employed and its reasonableness"). Because the parties'
accounts differ on the important questions of whether Mills resisted arrest and whether his
actions threatened the officer or required the force used, summary judgment on qualified
immunity is inappropriate.

as required by the Local Rules,[2] but merely asserts in his opposition papers that "I did exhaust all administrative remedies and have sent in proof of that with all my original documents. It was a letter signed and dated from the officer that filed my grievance."  Pltf Resp. in Opp., dkt. # 23.   However, the only document "sent in" with Plaintiff's "original documents" is an attachment to the Complaint in which Plaintiff describes his factual contentions underlying the action.  <u>See</u> Compl. attach.[3]   This document is neither signed nor dated by anyone other than Plaintiff.  <u>Id.</u>

Nonetheless, Plaintiff asserts in the Complaint that he "filed a grievance through the grievance program" regarding the October 27 incident but that his "grievance went unanswered."  Compl. ¶ 4.  He further asserts in the attachment to the Complaint that, because previous grievances he submitted "disappeared," he had his housing officer "write and sign a letter stating that he did turn in the write up's [*sic*] to the right place."  Compl. attach. p. 3.  Based upon these allegations, Magistrate Judge Homer concluded:

---

[2]Ordinarily, the failure to respond to the a properly supported contention in a Local Rule 7.1(a)(3) Statement is deemed an admission of the fact asserted therein. <u>See</u> N.D.N.Y.L.R. 7.1(a)(3)("Any facts set forth in the [moving party's] Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party."); <u>Hassig v. NYS Department of Environmental Conservation</u>, 120 Fed. Appx. 863, 2005 WL 29 (2d Cir. Feb. 02, 2005)(affirming summary judgment  and writing: "Defendants set forth the above description of the 1999 incident in their Statement of Material facts submitted pursuant to Rule 7.1(a)(3), and that description was not controverted by plaintiffs in accordance with the Rule. Accordingly, the District Court properly treated defendants' description as admitted.").  However, Defendants did not serve the *pro se* plaintiff with a "Notification of the Consequence of Failing to Respond to a Summary Judgment Motion" (often referred to as the "critical notice") as required by the Local Rules. <u>See</u> N.D.N.Y.L.R. 56.2. Thus, there is a reason to look beyond the procedural default.  <u>See</u> <u>Krug v. County of Rennselaer</u>, 2006 WL 2669122 (N.D.N.Y. Sept.18, 2006)(denying summary judgment because, without a critical notice, the Court is left to wonder whether a *pro se*'s failure to properly respond to a motion for summary judgment results from the lack of legal training, or the lack of evidence supporting his position)

[3]Plaintiff used the "Inmate Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" form to file the action.  This form requires plaintiffs to answer pertinent questions about their actions. Paragraph 6 requires the plaintiff to state "the facts of your case which substantiate your claim." <u>Id.</u> ¶ 6.  In the adjoining space, Finch wrote: "complaint written on 'next' page."  The next page is a handwritten document from Finch addressed "to whom it may concern."  <u>Id.</u> (attach). The document contains Finch's recitation of the events of October 27 and is signed by him.  <u>Id.</u>  At the top of the page is written "original copy of complaint" and the document is dated "10/31/06." <u>Id.</u>

4

Finch failed to exhaust his administrative remedies as no evidence exists that any grievances were filed concerning the physical abuse he allegedly sustained. The grievance procedure was freely available to Finch and he was fully aware of its components as he alleges that he attempted to file a grievance. Compl. 7; Docket No. 23. Thus, Finch was familiar with the system.  However, liberally construing Finch's claims, he alleges that he found the IGP futile because he had filed multiple grievances that were never directed to the appropriate persons or places and attempted to address that futility by having his housing officer send a letter confirming his attempt. Compl. at 7; Docket No. 23. Finch has produced no other evidence to substantiate his testimony. There are no copies of grievances that he attempted to mail or any other evidence from which to conclude that Finch actually submitted the documents in question.

Nevertheless, although implausible, Finch's testimony on this issue requires a determination of credibility, a determination that cannot be made on a motion for summary judgment. See Dillon v. Morano, 497 F.3d 247, 254 (2d Cir. 2007); Reeves v. Johnson Controls World Servs., Inc., 140 F.3d 144, 157 (2d Cir. 1998) ("To the extent that these inconsistencies can only be resolved based upon credibility determinations, such questions of witness credibility are to be decided by the jury."); United States v. Rem, 38 F.3d 634, 644 (2d Cir. 1994) ("Resolutions of credibility conflicts and choices between conflicting versions of the facts are matters for the jury, not for the court on summary judgment.").

Accordingly, defendants' motion should be denied on this ground.

9/9/08 Rep. Rec. & Ord. pp. 7-8.

Although Plaintiff's contentions are the type of broad, conclusory allegations that are generally insufficient to withstand a properly supported motion for summary judgment, see Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998), they are asserted in the form of a sworn statement by Plaintiff and, therefore, must be credited on this motion.  Thus, the Court agrees with Magistrate Judge Homer's conclusion that summary judgment on this issue must be denied.

Nevertheless, such a conclusion does not mean that the case must now proceed to

5

trial.  Inasmuch as exhaustion is a threshold issue, see 42 U.S.C. § 1997e(a);[4] McCarthy

v. Madigan, 503 U.S. 140, 144, 112 S. Ct. 1081, 117 L. Ed.2d 291 (1992)(administrative

exhaustion must be completed prior to the filing of an action), and in light of the tenuous

nature of Plaintiff's contentions supporting his defense to actual exhaustion, the Court will

deny summary judgment on this issue with leave to renew.  The matter is recommitted to

Magistrate Judge Homer to fashion a short period of discovery on the exhaustion issue,

and to allow a second summary judgment motion on this issue.  On the renewed motion,

and if material questions of fact still exist, the parties should brief the question of whether

the disputed factual issue can be decided in a hearing or if it must be decided by a jury.

See e.g. Lunney v. Brureton, 2007 WL 1544629, at *10 n. 4 (S.D.N.Y. May 29, 2007).[5]

## IV.    CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment [dkt. #

16] is **DENIED**.  Defendants are **granted leave to renew** the aspect of their motion that

alleges that Plaintiff failed to exhaust administrative remedies prior to commencing this

---

[4] Section 1997e(a) provides:

no action shall be brought with respect to prison conditions under section 1983 of this title ...
by a prisoner confined in any jail, prisons, or other correctional facility until such
administrative remedies as are available are exhausted.

[5] In Lunney, the Southern District noted:

There is certainly case law that supports the view that exhaustion should be determined by
the Court rather than by a jury. [citations omitted]. As the Supreme Court has recently
affirmed, however, exhaustion is an "affirmative defense," much like a statute of limitations
defense. See Jones v. Bock, --- U.S. ----, ----, 127 S. Ct. 910, 919-921, 166 L. Ed.2d 798
(2007).  Where there are disputed factual questions regarding an affirmative defense such as
a statute of limitations defense, the Second Circuit has stated that "issues of fact as to the
application of that defense must be submitted to a jury.' Katz v. Goodyear Tire & Rubber Co.,
737 F.2d 238, 243 n. 2 (2d Cir.1984). Thus, it is not clear that factual disputes regarding the
exhaustion defense should ultimately be decided by the Court.

2007 WL 1544629, at *10 n. 4.

action.  The matter is recommitted to Magistrate Judge Homer to set a short period of additional discovery on the exhaustion issue, and to make a recommendation on the renewed summary judgment motion.

**IT IS SO ORDERED**.

DATED:   September 29, 2008

Thomas J. McAvoy
Senior, U.S. District Judge